IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) ('310) PATENT LITIGATION | ) MDL NO. 21-MD-3017 (RGA) <br> ) <br> ) |
| BAYER PHARMA AG, BAYER AG and JANSSEN PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LUPIN LIMITED, et al. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 21-314 (RGA) (JLH) <br> ) (Consolidated) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' ANSWER TO COUNTERCLAIMS OF DEFENDANT
TEVA PHARMACEUTICALS USA, INC.**

Plaintiffs Bayer Pharma AG, Bayer AG (Bayer AG and Bayer Pharma AG are collectively referred to herein as "Bayer"), and Janssen Pharmaceuticals, Inc. ("Janssen") (Bayer and Janssen are collectively referred to herein as "Plaintiffs"), by their attorneys, hereby answer the counterclaims of Defendant and Counterclaim Plaintiff Teva Pharmaceutical Industries USA, Inc. ("Teva") using the paragraph numbers of Teva's counterclaims, Civil Action No. 23-551-RGA, D.I. 14, as follows:

**TEVA'S COUNTERCLAIMS**

Plaintiffs reassert as if fully set forth each of the paragraphs of Plaintiffs' Complaint.

1.       The allegations in paragraph 1 purport to characterize Teva's Counterclaims, which speak for themselves.  To the extent a response is required, denied that Teva is not liable for infringement of the '310 patent.  Denied that the '310 patent is invalid.  Denied that Teva's

Counterclaims assert a claim for declaratory judgment that Teva has not infringed the '310 patent. Further denied that Teva is entitled to any of the relief that it seeks by way of its Counterclaims.

## THE PARTIES

2. On information and belief, admitted.

3. Admitted that Bayer Pharma AG is a corporation organized and existing under the laws of the Federal Republic of Germany having a place of business at Müllerstrasse 178, 13353 Berlin, Germany.

4. Admitted that Bayer AG is a corporation organized and existing under the laws of the Federal Republic of Germany having a place of business at Kaiser-Wilhelm-Allee 1, 51368, Leverkusen, Germany.

5. Admitted that Janssen Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania having a principal place of business at 1125 Trenton-Harbourton Road, Titusville, New Jersey.

## JURISDICTION AND VENUE

6. The allegations in paragraph 6 are legal conclusions to which no response is required. To the extent a response is required, Plaintiffs admit that Teva purports to seek a declaratory judgment, but denied that Teva is entitled to any of the relief that it seeks.

7. The allegations in paragraph 7 are legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not contest subject matter jurisdiction for purposes of this action.

8. The allegations in paragraph 8 are legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not contest personal jurisdiction for purposes of this action.

9.    The allegations in paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not contest venue for purposes of this action.

## FACTUAL BACKGROUND

10.   Admitted that the '310 patent is titled "Reducing the Risk of Cardiovascular Events" and that it issued on November 10, 2020.

11.   Admitted that Bayer Pharma AG owns and is the assignee of the '310 patent.

12.   Admitted that Bayer AG is an exclusive licensee of the '310 patent.

13.   Admitted that Janssen is an exclusive sublicensee of the '310 patent.

14.   Admitted that the *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") lists Janssen as the holder of New Drug Application (NDA) No. 022406 for Xarelto®.

15.   Admitted that the '310 patent is listed in the Orange Book entry for Xarelto® Tablets, 2.5 mg.

16.   Admitted that the active ingredient in Xarelto® 2.5 mg tablets is rivaroxaban.

17.   On information and belief, admitted.

18.   The allegations in paragraph 18 are legal conclusions to which no response is required. To the extent a response is required, admitted, on information and belief, that Teva's amendment to ANDA No. 212247 contains a paragraph IV certification with respect to the '310 patent. Denied that the '310 patent is invalid and unenforceable; denied that that use of Teva's proposed generic version of Xarelto® 2.5 mg tablets in accordance with its proposed labeling does not infringe the '310 patent; and further denied that Teva is entitled to any of the relief that it seeks.

19. The allegations in paragraph 19 are legal conclusions to which no response is required. To the extent a response is required, admitted that Teva sent a notice letter dated June 15, 2021 ("Teva's First Notice Letter"). The allegations of paragraph 19 purport to characterize Teva's written notification, which speaks for itself. Denied that the '310 patent is invalid and unenforceable; denied that that use of Teva's proposed generic version of Xarelto® 2.5 mg tablets in accordance with its proposed labeling does not infringe the '310 patent; and further denied that Teva is entitled to any of the relief that it seeks.

20. Admitted that on July 7, 2021, Plaintiffs filed a complaint against Teva in the District of Delaware alleging infringement of the '310 patent. *See* Civil Action No. 21-1001-RGA, D.I. 1. The Complaint speaks for itself.

21. The allegations in paragraph 21 are legal conclusions to which no response is required. To the extent a response is required, admitted that Teva sent a notice letter dated April 4, 2023 ("Teva's Second Notice Letter"). The allegations of paragraph 21 purport to characterize Teva's written notification, which speaks for itself. Any remaining allegations in paragraph 21 are denied.

22. The allegations in paragraph 22 are denied. Plaintiffs filed a complaint against Teva in the District of Delaware alleging infringement of the '310 patent on May 19, 2023. *See* Civil Action No. 23-551-RGA, D.I. 1. The Complaint speaks for itself.

23. The allegations in Paragraph 23 are legal conclusions to which no response is required. To the extent a response is required, admitted that the Patent Trial and Appeal Board issued a Final Written Decision on July 28, 2023 in IPR2022-00517, Paper 70. The allegations of paragraph 23 purport to characterize the Final Written Decision, which speaks for itself. Any remaining allegations are denied.

## COUNT I
### (Declaratory Judgment of Invalidity of the '310 Patent)

24. Plaintiffs reassert as if fully set forth each of their responses to the foregoing paragraphs.

25. Plaintiffs refer to the Complaint in this action, which speaks for itself.

26. Denied.

27. Admitted that there is an actual case or controversy between Teva and Plaintiffs with respect to liability for infringement of the '310 patent. Denied that the '310 patent is invalid, and further denied that Teva is entitled to any of the relief that it seeks.

28. Denied.

29. Denied.

## TEVA'S PRAYER FOR RELIEF

The "WHEREFORE" paragraphs following paragraph 29 state Teva's Prayer for Relief, to which no response is required. To the extent a response is required, Plaintiffs deny that Teva is entitled to any of the relief in the prayer for relief, or to any relief whatsoever.

\*     \*     \*

Any allegation in the Counterclaims not expressly admitted herein is hereby denied.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

Plaintiffs affirmatively state the following defenses, undertaking the burden of proof only to the extent required by law:

## FIRST AFFIRMATIVE DEFENSE

Teva's Counterclaims fail to state a claim upon which relief can be granted. For example, Teva has alleged no facts that, if true, would show that the '310 patent is invalid for any reason.

**SECOND AFFIRMATIVE DEFENSE**

Teva's Counterclaims fail to state a claim upon which relief for exceptional cases under 35 U.S.C. § 285 can be granted.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs reserve the right to supplement and/or amend these affirmative defenses as may become available or apparent during discovery proceedings.

**PRAYER FOR 4880RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

(a) An order dismissing Teva's counterclaims, with prejudice, and denying all relief sought by Teva;

(b) A judgment that Teva has infringed the '310 patent;

(c) A judgment ordering that the effective date of any FDA approval for Teva to make, use, offer for sale, sell, market, distribute, or import Teva's ANDA Product (Teva's 2.5 mg rivaroxaban tablets), or any product or compound the use of which infringes the '310 patent, be no earlier than the expiration date of the '310 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d) A preliminary and permanent injunction enjoining Teva, and all persons acting in concert with Teva, from making, using, selling, offering for sale, marketing, distributing, or importing Teva's ANDA Product, or any product or compound the use of which infringes the '310 patent, or the inducement of or the contribution to any of the foregoing, prior to the expiration date of the '310 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(e) A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(f) An award of Plaintiffs' costs and expenses in this action; and

(g) Such further and other relief as this Court may deem just and proper.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Bruce R. Genderson<br>Dov P. Grossman<br>Alexander S. Zolan<br>Seth R. Bowers<br>Julie L. Tavares<br>Richard Hildreth III<br>Dana B. Kinel<br>WILLIAMS & CONNOLLY LLP<br>680 Maine Avenue SW<br>Washington, DC  20024<br>(202) 434-5000<br><br>*Attorneys for Plaintiffs Bayer Intellectual Property GmbH and Bayer AG*<br><br>Thomas D. Rein<br>SIDLEY AUSTIN LLP<br>One South Dearborn<br>Chicago, IL  60603<br>(312) 853-7000<br><br>Andrew T. Langford<br>SIDLEY AUSTIN LLP<br>2021 McKinney Avenue, Suite 2000<br>Dallas, TX  75201<br>(214) 981-3300<br><br>*Attorneys for Plaintiff Janssen Pharmaceuticals, Inc.*<br><br>September 25, 2023 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Jack B. Blumenfeld*<br>_____<br>Jack B. Blumenfeld (#1014)<br>Rodger D. Smith (#3778)<br>Derek J. Fahnestock (#4705)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>rsmith@morrisnichols.com<br>dfahnestock@morrisnichols.com<br><br>*Attorneys for Plaintiffs Bayer Pharma AG, Bayer AG, and Janssen Pharmaceuticals, Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 25, 2023, upon the following in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Karen E. Keller, Esquire<br>Nathan R. Hoeschen, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendant Teva*<br>*Pharmaceuticals USA, Inc.* | *VIA ELECTRONIC MAIL* |
| J.C. Rozendaal, Esquire<br>Chandrika Vira, Esquire<br>Brady Gleason, Esquire<br>STERNE, KESSLER, GOLDSTEIN<br>   & FOX, P.L.L.C.<br>1100 New York Avenue, NW<br>Washington, DC  20005<br>*Attorneys for Defendant Teva*<br>*Pharmaceuticals USA, Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Jack B. Blumenfeld*
_____
Jack B. Blumenfeld (#1014)