UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: XARELTO (RIVAROXABAN) ('310) PATENT LITIGATION            MDL No. 3017

**TRANSFER ORDER**

    **Before the Panel:** Defendants Auson Pharmaceuticals Inc. and Shanghai Auson Pharmaceuticals Co., Ltd. (together, "Auson") move under Panel Rule 7.1 to vacate the Panel order conditionally transferring the action listed on Schedule A (*Auson*) to MDL No. 3017. Plaintiffs Bayer Pharma AG, Bayer AG, Bayer Intellectual Property GmbH, and Janssen Pharmaceuticals, Inc., oppose the motion and support transfer.

    After considering the argument of counsel, we find that this action involves common questions of fact with the actions transferred to MDL No. 3017, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 3017 involve common factual questions concerning alleged infringement of U.S. Patent No. 10,828,310, entitled "Reducing the Risk of Cardiovascular Events" (the '310 patent), as a result of various pharmaceutical company applications to the FDA to manufacture and sell a drug product that allegedly is a generic version of Xarelto – specifically, 2.5 mg rivaroxaban tablets. *See In re Xarelto (Rivaroxaban) ('310) Patent Litig.*, 577 F. Supp. 3d 1377, 1378 (J.P.M.L. 2021). Like the actions in the MDL, the *Auson* action involves alleged infringement of the '310 patent in connection with a company's application to manufacture and sell 2.5 mg rivaroxaban tablets and thus is appropriate for transfer.

    In opposition to transfer, defendants principally argue that (1) *Auson* lacks common factual questions because plaintiffs' claims concerning the '310 patent, in their view, likely will be dismissed; (2) there is an additional patent at issue in *Auson* that is not shared with the other MDL actions; and (3) transfer would not be efficient considering the advanced posture of the MDL and the recent inter partes review by the Patent Trial and Appeal Board ("PTAB"), which held all claims in the '310 patent invalid. These arguments are unpersuasive.

    First, we observe that the *Auson* complaint on its face asserts that Auson's New Drug Application infringes the '310 patent. Auson's assertion of no shared factual issues is premised on the success of its anticipated motion to dismiss, which Auson states will argue that all patented uses of the '310 patent were specifically carved out of its NDA, and hence there can be no infringement. But the Panel has long held that "Section 1407 [does] not contemplate that the Panel would decide the merits of the actions before it," in deciding the question of transfer. *See In re Maxim Integrated Prods., Inc., Patent Litig.*, 867 F. Supp. 2d 1333, 1335 (J.P.M.L. 2012). Additionally, the Panel routinely transfers actions with anticipated or pending motions to dismiss,



CERTIFIED AS A TRUE COPY: 10/04/2023
RANDALL LOHAN, CLERK

BY:___s/ smg_____
    DEPUTY CLERK

as such motions can be resolved by the transferee court. *See, e.g., In re Blackbaud, Inc., Customer Data Sec. Breach Litig.*, MDL No. 2972, Transfer Order, at 2 (J.P.M.L. Mar. 30, 2021) ("[Defendant's] pending motion to dismiss does not weigh against transfer. The Panel routinely transfers actions with pending motions to dismiss, as those motions can be decided by the transferee court.").

Second, the involvement of an additional non-overlapping patent is no obstacle to transfer. The shared factual questions presented by a single overlapping patent may warrant transfer even where additional case-specific patents are asserted. *See, e.g., In re Proven Networks, LLC, Patent Litig.*, 492 F. Supp. 3d 1338, 1339 (J.P.M.L. 2020) ("although different combinations of patents are asserted in the actions, there is substantial overlap in the asserted patents").

Additionally, the record indicates that transfer will promote the just and efficient conduct of the litigation. Fact discovery in the MDL is still open, and expert discovery has not begun. And the July 2023 PTAB order on the '310 patent did not end the MDL, as Auson suggests. Plaintiffs have appealed the decision to the Federal Circuit, and they also have continued to assert the validity of the '310 patent in the actions in the MDL. Thus, the transferee judge likely will be called upon to decide the course of pretrial proceedings in the constituent actions while that appeal is pending. Auson's assertion that transfer will require it to prepare for trial in the MDL in just a few months is not supported by the record. As a threshold matter, transfer under Section 1407 is only for pretrial proceedings; thus, Auson will not face trial in the MDL absent its consent to trial in the transferee district. In any event, discovery remains open, as discussed above, and the pretrial schedule in the MDL has been stayed pending resolution of the Federal Circuit appeal.[1]

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable Richard G. Andrews for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

---

[1] If the transferee court determines at any point that inclusion of *Auson* does not serve the just and efficient conduct of the litigation, Section 1407 remand of the action to its transferor court can be accomplished with a minimum of delay.

**IN RE:  XARELTO (RIVAROXABAN) ('310) PATENT LITIGATION**     MDL No. 3017

**SCHEDULE A**

<u>District of New Jersey</u>

BAYER INTELLECTUAL PROPERTY GMBH, ET AL. v. AUSON PHARMACEUTICALS, INC., ET AL., C.A. No. 2:23−03020