IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) '310 PATENT LITIGATION | ) ) ) ) | MDL NO. 21-MD-3017 (RGA) |
| BAYER INTELLECTUAL PROPERTY GMBH, BAYER PHARMA AG, BAYER AG, and JANSSEN PHARMACEUTICALS, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 23-1103 (RGA) |
| v. | ) ) | |
| AUSON PHARMACEUTICALS INC. and AUSON PHARMACEUTICALS CO., LTD., | ) ) ) | |
| Defendants. | ) | |

**SCHEDULING ORDER**

This <u>  12  </u> day of <u> February </u>, 2024, the Court having considered the parties' disputes about initial scheduling pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration, and pursuant to the Court's December 21, 2023, order that the parties propose a schedule that results in remand of at least the '218 patent to New Jersey so that the case is ready to be tried before October 2025[1];

IT IS ORDERED that:

---

[1] Plaintiffs have proposed a schedule based on the understanding that the practice in the United States District Court for the District of New Jersey is to schedule trial approximately 5-6 months before the 30-month stay expires.  The stay here expires on approximately October 18, 2025.  Defendants have proposed a schedule in accordance with the Court's December 21, 2023 order instructing the parties to propose a schedule that results in remand so that the case is ready to be tried before October 2025, rather than schedule a trial 5-6 months before October 2025.

1.      With respect to U.S. Patent No. 10,828,310 only, this action shall be stayed pending resolution of IPR2022-00517 by the United States Court of Appeals for the Federal Circuit (the "Appeal").  Within 7 days of the final resolution of the Appeal, the parties shall file a Joint Status Report with the Court.  *See, e.g., In re: Xarelto (Rivaroxaban) ('310) Patent Litigation*, MDL No. 21-md-3017 (RGA) (D. Del.), D.I. 155, 187.

2.      With respect to U.S. Patent No. 9,539,218, the action shall proceed as set forth in this Order.

3.      Rule 26(a)(1) Initial Disclosures.  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and Paragraph 3 of the Delaware Default Standard for Discovery, Including Discovery of Electronically Stored Information ("Delaware Default Standard") within 10 business days of the date of this Order. [2]

4.      Joinder of Other Parties and Amendment of Pleadings.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **August 23, 2024**.

5.      Fact Discovery.

        a.      Discovery Cut Off.  All fact discovery in this case shall be initiated so that it will be completed on or before **November 1, 2024**.

        b.      Document Production.  Document production shall be substantially complete by **August 16, 2024**.

---

[2] Paragraph 3(a) of the Delaware Default Standard for Discovery contemplates disclosure of "[t]he 10 custodians most likely to have discoverable information in their possession, custody or control, from the most likely to the least likely."  The parties agree to abide by this to the extent that there are at least 10 custodians likely to have this information, recognizing that there could be fewer than 10 custodians.

   c. <u>Requests for Admission</u>.  A maximum of 25 requests for admission are permitted for each side.  Any requests for admission directed to the authentication of documents are excluded from the limitations above.  The parties will work to agree on authentication where possible.

   d. <u>Interrogatories</u>.  A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

   e. <u>Depositions</u>.

    i. <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination.  Any deposition lasting less than 5 hours will count as 5 hours against the total time of the side taking the deposition.  The provisions of Fed. R. Civ. P. 30(d)(1) shall apply.

    ii. <u>Location of Depositions</u>.  The parties shall meet and confer regarding the locations of depositions, taking into account convenience for the deponent. The parties may agree to take remote depositions.

   f. <u>Discovery Matters and Disputes Relating to Protective Orders</u>.  Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument.  Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition.  A party should include with its letter a proposed order with a detailed issue-by-issue

3

ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order.  Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

    If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

        g.    <u>Miscellaneous Discovery Matters</u>.

          i.    <u>Disclosures Pursuant to Paragraph 4 of the Delaware Default Standard</u>:

1. Plaintiffs shall make their initial disclosures under Paragraph 4(a) of the Delaware Default Standard not later than **February 13, 2024**.

2. Defendants shall produce core technical documents under Paragraph 4(b) of the Delaware Default Standard, not later than **March 8, 2024**.  Defendants' production under this paragraph shall include unexpired samples of the NDA Products.  The parties shall meet and confer regarding the quantity of samples to be produced and the logistics of sample production.

3. Plaintiffs shall make their initial disclosures under Paragraph 4(c) of the Delaware Default Standard not later than **April 5, 2024**.

      4. Defendants shall make their initial disclosures under Paragraph 4(d) of the Delaware Default Standard not later than **May 3, 2024**.

   ii. The parties identify the following pending or completed litigation including IPRs involving one or more of the asserted patents:

There is pending litigation in the District of Delaware regarding the '218 patent. *See Bayer Pharma AG et al. v. Apotex Inc. et al.*, C.A. No. 23-327-RGA (D. Del.); *Bayer Intellectual Property GmbH et al. v. Indoco Remedies Limited et al.*, C.A. No. 23-690-UNA; *Bayer Intellectual Property GmbH et al. v. Umedica Labs. Pvt. Ltd.*, C.A. No. 23-1456-RGA (D. Del.).

There is also pending litigation in the District of New Jersey regarding the '218 patent. *See Bayer Intellectual Property GmbH et al. v. Mankind Pharma Limited*, C.A. No. 22-5599 (EP) (LDW) (D.N.J.). Plaintiffs will consider filing further litigation involving the '218 patent depending on future events, including should a generic manufacturer provide a notice letter stating an intent to seek approval to market a generic version of XARELTO® prior to expiration of the '218 patent.[3]

---

[33] There are also several completed district court actions regarding the '218 patent. *See Bayer Intellectual Property GmbH et al. v. Accord Healthcare Inc. et al.*, C.A. 19-1238-TBD (D. Del.); *Bayer Intellectual Property GmbH et al. v. Alembic Pharmaceuticals Limited et al.*, C.A. No. 17-675-RGA (D. Del.); *Bayer Intellectual Property GmbH et al. v. Aurobindo Pharma Limited et al.*, C.A. No. 17-483-RGA (D. Del.); *Bayer Intellectual Property GmbH et al. v. Biocon Pharma Limited et al.*, C.A. No. 23-334-RGA (D. Del.); *Bayer Intellectual Property GmbH et al. v. Breckenridge Pharmaceutical Inc.*, C.A. No. 17-1129-TBD (D. Del.); *Bayer Intellectual Property GmbH et al. v. Changzhou Pharmaceutical Factory*, C.A. No. 22-2089-KM (D.N.J.); *Bayer Intellectual Property GmbH et al. v. Dr. Reddy's Labs., Inc. et al.*, C.A. No. 20-10378-MCA (D.N.J.); *Bayer Intellectual Property GmbH et al. v. Epic Pharma, LLC*, C.A. No. 22-1481-RGA (D. Del.); *Bayer Intellectual Property GmbH et al. v. InvaGen Pharms., Inc.*, C.A. No. 17-812-RGA (D. Del.); *Bayer Intellectual Property GmbH et al. v. Lupin Ltd. et al.*, C.A. No. 17-1047-RGA (D. Del.); *Bayer Intellectual Property GmbH et al. v. Macleods Pharms., Ltd. et al.*, C.A. No. 19-880-TBD (D. Del.); *Bayer Intellectual Property GmbH et al. v. Micro Labs. Ltd. et al.*, C.A. No. 17-560-TBD (D. Del.); *Bayer Intellectual Property GmbH et al. v. Mylan Pharms. Inc.*,

The '218 patent has also been the subject of an IPR petition. *See Mylan Pharms. Inc. v. Bayer Intellectual Property GmbH*, IPR2018-01143. Institution was denied. *See* IPR2018-01143, Paper 13 (Dec. 3, 2018).

The parties shall meet and confer regarding narrowing the number of asserted claims and asserted prior art used for anticipation and obviousness combinations.

6. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court **within 30 days from the date of this Order**. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(f) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

---

C.A. No. 17-584-TBD (D. Del.); *Bayer Intellectual Property GmbH et al. v. ScieGen Pharms., Inc.*, C.A. No. 23-335-RGA (D. Del.); *Bayer Intellectual Property GmbH et al. v. Sigmapharm Labs., LLC*, C.A. No. 17-648-RGA (D. Del.); *Bayer Intellectual Property GmbH et al. v. Sunshine Lake Pharma Co., Ltd. et al.*, C.A. No. 19-1448-TBD (D. Del.); *Bayer Intellectual Property GmbH et al. v. Taro Pharm. Indus. Ltd. et al.*, C.A. No. 17-462-RGA (D. Del.); *Bayer Intellectual Property GmbH et al. v. Teva Pharms. USA et al.*, C.A. No. 18-1926-TBD (D. Del.); *Bayer Intellectual Property GmbH et al. v. Torrent Pharms. Ltd. et al.*, C.A. No. 17-1163-RGA (D. Del.); *Bayer Intellectual Property GmbH et al. v. Unichem Inc. et al.*, C.A. No. 20-5439-MCA (D.N.J.); *Bayer Intellectual Property GmbH et al. v. USV Private Ltd.*, C.A. No. 22-1492-RGA (D. Del.).

7. <u>Papers Filed Under Seal</u>. When filing papers under seal, a redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

8. <u>Claim Construction Issue Identification</u>. On or before **May 24, 2024**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s)[4]. This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **June 21, 2024**. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. The Joint Claim Construction Chart should include an explanation of why resolution of the dispute makes a difference. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with the Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

9. <u>Claim Construction Briefing</u>[5]. Plaintiffs shall serve, but not file, their opening brief, not to exceed 5,000 words, on **July 19, 2024**. Defendants shall serve, but not file, their

---

[4] If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party must explain what that meaning is. If a term is arguably a means-plus-function term, and a party does not propose a function and a structure, it is waiving any right to propose a function and a structure at a later time.

[5] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiffs should include with their opening brief one or more representative claims with the disputed terms italicized. Should Defendants want to add additional representative claims,

answering brief, not to exceed 7,500 words, on **August 9, 2024**. Plaintiffs shall serve, but not file, their reply brief, not to exceed 5,000 words, on **August 23, 2024**. Defendants shall serve, but not file their sur-reply brief, not to exceed 2,500 words, on **September 6, 2024**. No later than **September 11, 2024**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

<strong>JOINT CLAIM CONSTRUCTION BRIEF</strong>

I.     Representative Claims

II.    Agreed-upon Constructions

III.   Disputed Constructions

A.    [TERM 1][6]

    1.    Plaintiff's Opening Position
    2.    Defendant's Answering Position
    3.    Plaintiff's Reply Position
    4.    Defendant's Sur-Reply Position

B.    [TERM 2]

    1.    Plaintiff's Opening Position
    2.    Defendant's Answering Position
    3.    Plaintiff's Reply Position
    4.    Defendant's Sur-Reply Position

---

Defendants may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

[6] For each term in dispute, there should be a table or the like setting forth the term in dispute, the parties' competing constructions, and why resolution of the dispute matters. The table does not count against the word limits.

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

10. <u>Hearing on Claim Construction</u>.  Beginning at 9:30 a.m. on **October 3, 2024**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

11. <u>Disclosure of Expert Testimony</u>.

  a. <u>Expert Reports</u>.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **December 13, 2024**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **January 31, 2025**. Reply expert reports from the party with the initial burden of proof are due on or before **February 21, 2025**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

9

No later than the due date for reply expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **March 14, 2025**.

12. <u>Case Dispositive Motions</u>. No case dispositive motions shall be filed.

To the extent any objection to expert testimony is made pursuant to the principles in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion to the United States District Court for the District of New Jersey upon remand.

13. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14. <u>Trial</u>. Within seven days of **March 14, 2025**, the parties shall submit a Joint Status Report to the Court addressing remand of the action to the District of New Jersey for trial proceedings.

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE

10