# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) ('310) PATENT LITIGATION | MDL No. 21-3017-RGA-LDH |
| BAYER INTELLECTUAL PROPERTY GMBH, BAYER PHARMA AG, BAYER AG and JANSSEN PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PRINSTON PHARMACEUTICAL, INC., <br><br> Defendant. | C.A. No. 24-336-RGA |

## STIPULATION AND ORDER REGARDING INFRINGEMENT

Plaintiffs Bayer Intellectual Property GmbH, Bayer Pharma AG, Bayer AG, and Janssen Pharmaceuticals, Inc. (collectively, "Plaintiffs") and Defendant Prinston Pharmaceutical, Inc. ("Prinston") hereby STIPULATE, and request that the Court ORDER, as follows:

1. The use of the 2.5 mg rivaroxaban tablet product that is a subject of Prinston's ANDA No. 208549 (including any amendments or supplements thereto, which specifically relate to the 2.5 mg strength) ("Prinston's 2.5 mg ANDA Product") in accordance with its labeling infringes each of claims 1–4 of U.S. Patent No. 10,828,310 ("the '310 patent"), but only if the claim is asserted at trial and not proven invalid or unenforceable (in a proceeding before (a) a United States district court or (b) the United States Patent and Trademark Office, in each case (a) and (b) from which no appeal (other than by a petition to the United States Supreme Court for a writ of certiorari) has been or can be taken).

2. Prinston will induce infringement of each of claims 1–4 of the '310 patent, but only if the claim is asserted at trial and not proven invalid or unenforceable (in a proceeding before (a) a United States district court or (b) the Unites States Patent and Trademark Office, in each case (a) and (b) from which no appeal (other than by a petition to the United States Supreme Court for a writ of certiorari) has been or can be taken), through the sale of Prinston's 2.5 mg ANDA Product.

3. Prinston's submission of ANDA No. 208549 with a Paragraph IV certification to the '310 patent was a technical act of infringement pursuant to 35 U.S.C. § 271(e)(2) of each of claims 1–4 of the '310 patent, but only if the claim is asserted at trial and not proven invalid or unenforceable (in a proceeding before (a) a United States district court or (b) the Unites States Patent and Trademark Office, in each case (a) and (b) from which no appeal (other than by a petition to the United States Supreme Court for a writ of certiorari) has been or can be taken).

4. As a result of the stipulations of infringement set forth herein, Plaintiffs agree that they will not take any fact witness depositions of any Prinston employees, officers, or directors in this action, unless Prinston or its experts relies or intend to rely on such witness testimony. Plaintiffs further agree that Prinston does not need to produce further documents as part of fact discovery in this action except for its submissions to FDA related to ANDA No. 208549 and correspondence with FDA related to ANDA No. 208549. The aforementioned restrictions on discovery shall not apply in the event of a claim for damages by either party.

5. If Plaintiffs remove the recommended doses of aspirin from the Xarelto prescribing information and replace them with a new dose(s) of aspirin, and the replacement dose(s) of aspirin does not fall within or overlap with 75–100 mg, then this stipulation will not

preclude Prinston from contesting infringement of any of claims 1–4 of the '310 patent on the basis of the changed aspirin dosing information. If Plaintiffs remove the recommended doses of aspirin from the Xarelto prescribing information and replace them with a new dose(s) of aspirin, and the replacement dose(s) of aspirin falls within or overlaps with 75–100 mg, then this stipulation will not preclude Prinston from contesting infringement of any of claims 2–4 of the '310 patent for which the amount of aspirin recited in that claim is not encompassed by the new aspirin dose(s) on the basis of the changed aspirin information.

      6.      This stipulation is not intended to, and does not, limit or otherwise affect Prinston's ability to defend against Plaintiffs' infringement claims on any other ground, including asserting defenses of invalidity or unenforceability.

      The parties make this stipulation without prejudice to or waiver of their rights on any appeal of any judgment of this Court, except with respect to the matters of infringement as stipulated herein.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | HEYMAN ENERIO GATTUSO & HIRZEL, LLP |
| */s/ Derek J. Fahnestock* | */s/ Dominick T. Gattuso* |
| Jack B. Blumenfeld (#1014)<br>Rodger D. Smith (#3778)<br>Derek J. Fahnestock (#4705)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>rsmith@morrisnichols.com<br>dfahnestock@morrisnichols.com<br><br>*Attorneys for Plaintiffs Bayer Intellectual Property GmbH, Bayer Pharma AG, Bayer AG and Janssen Pharmaceuticals, Inc.* | Dominick T. Gattuso (#3630)<br>300 Delaware Ave., Suite 200<br>Wilmington, DE 19801<br>Phone: (302) 472-7300<br>dgattuso@hegh.law<br><br>*Attorney for Defendant Prinston Pharmaceutical, Inc.* |

SO ORDERED this 21st day of November, 2024.

                                              /s/ Richard G. Andrews
                                              UNITED STATES DISTRICT JUDGE

4