IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) ('310) PATENT LITIGATION | MDL NO. 21-MD-3017 (RGA) |
| BAYER PHARMA AG, BAYER AG, and JANSSEN PHARMACEUTICALS, INC., | |
| Plaintiffs, | Case No.: 1:25-754-RGA |
| v. | |
| HETERO LABS LIMITED, ASCENT PHARMACEUTICALS INC., and CAMBER PHARMACEUTICALS, INC., | |
| Defendants. | |

## DEFENDANTS' JOINT ANSWER TO COMPLAINT

Defendants, Hetero Labs Limited ("Hetero"), Ascent Pharmaceuticals Inc. ("Ascent"), and Camber Pharmaceuticals, Inc. ("Camber") (collectively "Defendants") hereby provide the following responses to the numbered paragraphs set forth in the Complaint of Plaintiff Bayer Pharma AG, Bayer AG, and Janssen Pharmaceuticals, Inc., (collectively "Bayer" or "Plaintiffs").

Defendants deny each and every allegation of the Complaint that is not specifically admitted or qualified below.

## RESPONSE TO NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, that arises out of Ascent Pharmaceuticals Inc., Camber Pharmaceuticals, Inc., and Hetero Labs Limited's (collectively, "Hetero") unlicensed importation into the United States, and use, sale, and/or offer for sale of products in the United States, that infringe at least one claim of U.S. Patent No. 10,828,310 ("the '310 patent"). The '310 patent is attached as Exhibit A.

1

**ANSWER:** Defendants admit that this action purports to be an action for patent infringement, and that a copy of the '310 patent was attached to the Complaint as Exhibit A. Defendants deny any infringement and denies the remaining allegations contained in this Paragraph of the Complaint.

2. On information and belief, Ascent Pharmaceuticals Inc., acting in concert with Hetero Labs Limited and Camber Pharmaceuticals Inc., prepared and submitted ANDA No. 219332 for Ascent's 2.5 mg rivaroxaban tablets ("Ascent's ANDA Product"), seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of a generic version of Plaintiffs' 2.5 mg XARELTO® product prior to the expiration of the '310 patent.

**ANSWER:** Denied.

3. On information and belief, the Food and Drug Administration ("FDA") granted approval to the 2.5 mg product that is the subject of ANDA No. 219332 on May 14, 2025. On information and belief, following that approval, Hetero began importing into the United States, and/or using, selling, and/or offering to sell in the United States, Ascent's ANDA Product.

**ANSWER:** Ascent admits that on or about May 14, 2025, the FDA granted approval for Ascent's Abbreviated New Drug Application ("ANDA") relating to generic 2.5 mg rivaroxaban tablets. Defendants deny any remaining allegations in this paragraph.

## RESPONSE TO THE PARTIES

### Plaintiffs

4. Plaintiff Bayer Pharma AG is a corporation organized and existing under the laws of the Federal Republic of Germany, with a place of business at Müllerstrasse 178, 13353 Berlin, Germany.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint and therefore deny them.

5. Plaintiff Bayer AG is a corporation organized and existing under the laws of the Federal Republic of Germany, with a place of business at Kaiser-Wilhelm-Allee 1, 51368 Leverkusen, Germany.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint and therefore deny them.

6. Plaintiff Janssen Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business at 1125 Trenton-Harbourton Road, Titusville, New Jersey.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint and therefore deny them.

### **Defendants**

7. On information and belief, Defendant Ascent Pharmaceuticals Inc. ("Ascent") is a corporation organized and existing under the laws of the State of New York, with a place of business at 400 South Technology Drive, Central Islip, New York 11722.

**ANSWER:** Admitted by Ascent. Hetero and Camber lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint and therefore deny them.

8. On information and belief, Defendant Camber Pharmaceuticals, Inc. ("Camber") is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 800 Centennial Avenue, Suite 1, Piscataway, New Jersey, 08854.

**ANSWER:** Admitted by Camber. Hetero and Ascent lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint and therefore deny them.

9. On information and belief, Defendant Hetero Labs Limited ("Hetero Labs") is a company organized and existing under the laws of India, having a principal place of business at 7-2-A2, Industrial Estates, Sanath Nagar, Hyderabad – 500018, Telangana, India.

**ANSWER:** Hetero admits that it is a company organized under the laws of India, with a corporate headquarters at Floor 9-11, Tower 30, RMZ Nexity, Sy. No. 83/1, Knowledge City, Raidurg, Hyderabad - 500081, Telangana, India. Ascent and Camber lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint and therefore deny them

10. On information and belief, Hetero Labs is the parent company, directly or indirectly, of both Ascent and Camber.

3

**ANSWER:** Denied.

11. On information and belief, Ascent, Camber, and Hetero Labs are in the business of, among other things, manufacturing, marketing, distributing, offering for sale, and selling generic versions of branded pharmaceutical drug products for the U.S. market. As a part of this business, on information and belief, Ascent, acting in concert with Hetero Labs and Camber, files ANDAs with FDA seeking approval to engage in, and engages in, the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of drug products prior to the expiration of United States patents that cover such products.

**ANSWER:** Denied.

12. On information and belief, and consistent with their practice with respect to other generic products, Ascent, Camber, and Hetero Labs acted in concert to prepare and submit ANDA No. 219332 for Ascent's ANDA Product, which was done at the direction of, under the control of, and for the direct benefit of Hetero Labs.

**ANSWER:** Denied.

13. On information and belief, Ascent, Camber, and Hetero Labs are agents of each other, and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length, including with respect to the development, regulatory approval, marketing, sale, offer for sale, and distribution of generic pharmaceutical products throughout the United States, including into Delaware, and including with respect to Ascent's ANDA Product at issue.

**ANSWER:** Denied.

14. On information and belief, Ascent has received FDA approval for the 2.5 mg product that is the subject of ANDA No. 219332 and has acted in concert with Hetero Labs and Camber to manufacture, import, market, distribute, offer for sale, and/or sell Ascent's ANDA Product throughout the United States, including in Delaware. On information and belief, Hetero has launched the 2.5 mg product that is the subject of ANDA No. 219332.

**ANSWER:** Ascent admits that it has received FDA approval for its ANDA relating to 2.5 mg rivaroxaban tablets. Defendants deny the remaining allegations in this paragraph of the Complaint. Each individual defendant denies any allegation not directed to that defendant's conduct.

15. On information and belief, Hetero knows and intends that Ascent's ANDA Product has been and will continue to be manufactured, marketed, used, distributed, offered for sale, and sold in the United States and within Delaware.

**ANSWER:** Denied.

## JURISDICTION

16. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Defendants incorporate each of the preceding paragraphs of this Answer as if fully set forth herein.

17. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Declaratory judgment relief is authorized under 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** Defendants admit that this Court has subject matter jurisdiction and deny the remaining allegations in this paragraph of the Complaint.

18. This Court has personal jurisdiction over each of Hetero Labs, Camber, and Ascent.

**ANSWER:** Admitted by Camber. Denied by Hetero and Ascent. Defendants do not contest personal jurisdiction for the purposes of this action only.

19. This Court has personal jurisdiction over Hetero Labs because, among other things, Hetero Labs, itself and through its subsidiaries Ascent and Camber, has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. On information and belief, Hetero Labs, itself and through its subsidiaries Ascent and Camber, develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including the State of Delaware, and therefore transacts business within the State of Delaware, and/or has engaged in systematic and continuous business contacts within the State of Delaware. In addition, Hetero Labs is subject to personal jurisdiction in Delaware because, on information and belief, it controls Ascent and Camber and therefore the activities of Ascent and Camber in this jurisdiction are attributed to Hetero Labs.

**ANSWER:** Denied, though defendants do not contest personal jurisdiction for the purposes of this action only.

20. This Court has personal jurisdiction over Camber because, among other things, Camber has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. Camber is a corporation formed under the laws of the State of Delaware and has appointed registered agents in Delaware (The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE) to accept service of process. It therefore has consented to general jurisdiction in Delaware.

**ANSWER:** Camber admits that it is subject to personal jurisdiction in this Court. Ascent and Hetero lack information sufficient to form a belief as to the allegations in this Paragraph of the Complaint and therefore deny them. Defendants do not contest personal jurisdiction for the purposes of this action only.

21. In addition, on information and belief, Ascent and Camber are responsible for manufacturing, marketing, distributing, offering for sale, and/or selling generic copies of branded pharmaceutical products for the U.S. market, including in Delaware, and they rely on contributions from Hetero Labs to do so.

**ANSWER:** Denied.

22. In addition, on information and belief, Ascent and Camber, acting as the agents of Hetero Labs, market, distribute, offer for sale, and/or sell in Delaware and elsewhere in the United States generic pharmaceutical products that are manufactured by Hetero Labs and/or its subsidiaries or for which Hetero is the named applicant on approved ANDAs.

**ANSWER:** Denied.

23. In addition, this Court has personal jurisdiction over Ascent, Camber, and Hetero Labs because, among other things, on information and belief: (1) Ascent, acting in concert with Hetero Labs and Camber, filed ANDA No. 219332 for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the 2.5 mg product described in ANDA No. 219332 in the United States, including in Delaware; and (2) Ascent's ANDA Product has been approved by the FDA, and so now Ascent, Camber, and Hetero Labs, acting in concert and/or as agents of one another have manufactured, imported, marketed, distributed, offered for sale, and/or sold Ascent's ANDA Product in the United States, including in Delaware, and will derive substantial revenue from the use and/or consumption of Ascent's ANDA Product in the State of Delaware.

**ANSWER:** Denied.

24. In addition, on information and belief, Ascent's ANDA Product, which is charged with infringing the '310 patent, will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and/or used by patients in Delaware, all of which would have a substantial effect on Delaware.

**ANSWER:** Denied.

25. In addition, Hetero is subject to personal jurisdiction in Delaware because, on information and belief, Hetero derives substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and that are manufactured by Hetero and/or for which Hetero is the named applicant on approved ANDAs. On information and belief, various

products for which Hetero is the named applicant on approved ANDAs are available at retail pharmacies in Delaware.

**ANSWER:** Denied.

26. In addition, on information and belief, Hetero Labs controls and dominates Ascent and Camber and therefore the activities of Ascent and Camber in this district are properly attributed to Hetero Labs.

**ANSWER:** Denied.

27. Alternatively, if Hetero Labs' connections with Delaware, including its connections with Ascent and Camber, are found to be insufficient to confer personal jurisdiction, then on information and belief, Hetero Labs is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over Hetero Labs in Delaware is consistent with the United States Constitution and laws. See Fed. R. Civ. P. 4(k)(2).

**ANSWER:** Denied.

28. Further, this Court has personal jurisdiction over Hetero because Ascent, Camber, and Hetero Labs regularly engage in patent litigation concerning FDA approved branded drug products in this district, have consented to jurisdiction in Delaware in one or more prior cases arising out of the filing of their ANDAs, and/or they have filed counterclaims in such cases. *See, e.g., Otsuka Am. Pharm., Inc. et al. v. Hetero Labs Limited et al.,* C.A. No. 25-647-GBW, D.I. 35 (D. Del. June 9, 2025) (Hetero Labs and Camber); *AbbVie Inc. v. Hetero Labs Limited et al.*, C.A. No. 23-448-JLH, D.I. 8 (D. Del. July 3, 2023) (Hetero Labs); *Duchesnay Inc. et al. v. Hetero Labs Limited*, C.A. No. 21-538-LPS, D.I. 11 (D. Del. June 24, 2021) (Hetero Labs); *Vifor Pharma Inc. et al. v. Alkem Laby's Ltd. et al.*, C.A. No. 20-106-MN, D.I. 10 (D. Del. Mar. 31, 2020) (Ascent); *Anacor Pharms., Inc. v. Ascent Pharms., Inc. et al.*, C.A. No. 18-1673-LPS, D.I. 29 (D. Del. Nov. 16, 2018) (Ascent).

**ANSWER:** Denied.

29. This Court also has personal jurisdiction over Hetero because Ascent, on behalf of itself and its affiliates, which include Hetero Labs and Camber, agreed to consent to personal jurisdiction and venue in this district in the settlement agreement referenced below for matters, like this, that arise under that agreement and involve enforcing the terms of that agreement.

**ANSWER:** Denied.

### RESPONSE TO VENUE

30. Venue is proper in this district for Hetero Labs pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Hetero Labs is a company organized and existing under the laws of the Republic of India and is subject to personal jurisdiction in this judicial district.

**ANSWER:** Denied by Hetero.  Ascent and Camber lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint and therefore deny them.  Hetero does not contest venue in this Court for the purposes of this action only.

31. Venue is proper in this district for Camber pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Camber is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

**ANSWER:** Admitted by Camber.  Ascent and Hetero lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint and therefore deny them.

32. Venue is proper in this district for Ascent pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Ascent is subject to personal jurisdiction in this judicial district and has previously consented to venue in this judicial district. *Vifor Pharma Inc. et al. v. Alkem Lab'ys Ltd.* et al., C.A. No. 20-106-MN, D.I. 10 (D. Del. Mar. 31, 2020); *Anacor Pharms., Inc. v. Ascent Pharms., Inc*. et al., C.A. No. 18-1673-LPS, D.I. 29 (D. Del. Nov. 16, 2018); *Purdue Pharma L.P. et al. v. Ascent Pharms., Inc.*, C.A. No. 18-83-RGA, D.I. 12 (D. Del. Feb. 16, 2018).

**ANSWER:** Denied by Ascent.  Hetero and Camber lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint and therefore deny them.  Ascent does not contest venue in this Court for the purposes of this action only.

33. Venue is also proper in this district for Hetero because Ascent, on behalf of itself and its affiliates, which include Hetero Labs and Camber, agreed to consent to personal jurisdiction and venue in this district in the settlement agreement referenced below for matters, like this, that arise under that agreement and involve enforcing the terms of that agreement.

**ANSWER:** Denied.

## RESPONSE TO FACTUAL BACKGROUND

34. XARELTO® (active ingredient rivaroxaban) is a factor Xa inhibitor. The 2.5 mg tablet strength of XARELTO® is indicated for administration orally twice daily, in combination with aspirin (75-100 mg) once daily, (i) to reduce the risk of major cardiovascular events (cardiovascular death, myocardial infarction, and stroke) in adult patients with coronary artery disease (CAD); and (ii) to reduce the risk of major thrombotic vascular events (myocardial

infarction, ischemic stroke, acute limb ischemia, and major amputation of a vascular etiology) in adult patients with peripheral artery disease (PAD), including patients who have recently undergone a lower extremity revascularization procedure due to symptomatic PAD.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint and therefore deny them.

35. Janssen is the holder of New Drug Application No. 022406 for XARELTO®, which has been approved by the FDA.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint and therefore deny them.

36. The '310 patent, entitled "Reducing the Risk of Cardiovascular Events," was duly and legally issued on November 10, 2020. The '310 patent is attached as Exhibit A.

**ANSWER:** Defendants admit that a copy of the '310 patent was attached as Exhibit A to the Complaint, with the title and date of issue of the patent set forth therein. Defendants deny that the '310 patent was duly and legally issue and deny any remaining allegations in this paragraph of the Complaint.

37. As set forth in greater detail in the '310 patent, the claims of the '310 patent, incorporated by reference herein, cover certain methods involving rivaroxaban. For example, independent claim 1 recites, "A method of reducing the risk of myocardial infarction, stroke or cardiovascular death in a human patient with coronary artery disease and/or peripheral artery disease, comprising administering to the human patient rivaroxaban and aspirin in amounts that are clinically proven effective in reducing the risk of myocardial infarction, stroke or cardiovascular death in a human patient with coronary artery disease and/or peripheral arterial disease, wherein rivaroxaban is administered in an amount of 2.5 mg twice daily and aspirin is administered in an amount of 75-100 mg daily."

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint and therefore deny them.

38. Bayer Pharma AG is the assignee of the '310 patent.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint and therefore deny them.

39. Bayer AG is an exclusive licensee under the '310 patent.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint and therefore deny them.

40. Janssen is an exclusive sublicensee under the '310 patent.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint and therefore deny them.

41. Pursuant to 21 U.S.C. § 355, the '310 patent is listed in *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book") in connection with the 2.5 mg strength of XARELTO®.

**ANSWER:** Admitted as of the date of this Answer according to information available from the FDA.

### RESPONSE TO COUNT I; INFRINGEMENT OF THE `310 PATENT

42. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Defendants incorporate each of the preceding paragraphs of this Answer as if fully set forth herein.

43. By letter dated April 1, 2024 ("Ascent's Notice Letter"), Ascent notified, inter alia, Bayer and Janssen that Ascent had submitted to the FDA ANDA No. 219332 for Ascent's ANDA Product. This product is a generic version of the 2.5 mg strength of XARELTO®.

**ANSWER:** Ascent admits that it gave notice of its ANDA relating to 2.5 mg rivaroxaban tablets as required by law. Ascent avers that its Notice Letter speaks for itself and denies any remaining allegations in this Paragraph of the Complaint. Hetero and Camber lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint and therefore deny them.

44. In Ascent's Notice Letter, Ascent indicated that, in connection with its ANDA No. 219332, Ascent had filed, *inter alia*, a Paragraph IV Certification with respect to the '310 patent.

**ANSWER:** Ascent admits that it gave notice of its ANDA relating to 2.5 mg rivaroxaban tablets as required by law. Ascent avers that its Notice Letter speaks for itself and denies any remaining allegations in this Paragraph of the Complaint. Hetero and Camber lack knowledge or

information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint and therefore deny them.

45. In Ascent's Notice Letter, Ascent stated that Ascent's ANDA Product contains rivaroxaban.

**ANSWER:** Ascent admits that it gave notice of its ANDA relating to 2.5 mg rivaroxaban tablets as required by law. Ascent avers that its Notice Letter speaks for itself and denies any remaining allegations in this Paragraph of the Complaint. Hetero and Camber lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint and therefore deny them.

46. After receiving Ascent's Notice Letter, Bayer and Janssen sued Ascent and Hetero Labs, seeking Hatch-Waxman relief for infringement of the '310 patent on May 16, 2024, in this district. That Hatch-Waxman action was consolidated before this Court in *In re: Xarelto (Rivaroxaban) ('310) Patent Litigation*, MDL No. 21-3017-RGA ("*In re Xarelto*").

**ANSWER:** Ascent and Hetero admit that Bayer and Janssen sued them on or about May 16, 2024, in this District. Camber lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of the Complaint and therefore denies them.

47. In re Xarelto is currently stayed pending final resolution of any appeal in *Mylan Pharmaceuticals Inc. et al. v. Bayer Pharma AG*, IPR2022-00517 (PTAB), see *Bayer Pharma Aktiengesellschaft v. Mylan Pharms. Inc.*, No. 2023-2434 (Fed. Cir.).

**ANSWER:** Admitted on information and belief.

48. In or around November 2024, Plaintiffs and Ascent, on behalf of itself and its affiliates, which include Hetero Labs and Camber, settled Plaintiffs' Hatch-Waxman action against Ascent and Hetero Labs ("the Settlement") and stipulated and agreed to dismiss their respective claims and defenses pursuant to Rules 41(a)(1) and 41(c) of the Federal Rules of Civil Procedure. On November 5, 2024, this Court entered the stipulation. See *In re Xarelto*, MDL No. 21-3017-RGA, D.I. 327 (D. Del. Nov. 5, 2024).

**ANSWER:** Denied.

49. Pursuant to the Settlement, Hetero has admitted that claims 1–8 of the '310 patent are valid and enforceable, and that the unlicensed importation and/or sale of Ascent's ANDA Product with its labeling would infringe the '310 patent.

11

**ANSWER:** Denied.

50. Also pursuant to the terms of the Settlement, under certain conditions, Hetero is permitted to launch Ascent's ANDA Product without breaching the Settlement, but the parties expressly agreed that shipments or sales of Ascent's ANDA Product pursuant to that provision of the Settlement "would not be licensed by Bayer or Janssen and that Ascent [and its affiliates] would be at risk to Bayer and Janssen for damages as a result of such launch." In addition, the parties agreed that "[i]n any action seeking such damages, liability for patent infringement shall be deemed admitted and the sole issue to be litigated shall be the amount of damages owed by Ascent [and its affiliates] by virtue of such launch."

**ANSWER:** Denied.

51. On information and belief, Ascent's ANDA Product received final approval from the FDA on May 14, 2025. See Ex. B, U.S. Food & Drug Admin., Drugs@FDA: FDAApproved Drugs, https://tinyurl.com/5n6jjzfu (last visited June 10, 2025).

**ANSWER:** Admitted by Ascent.  Hetero and Camber lack information or knowledge sufficient to form as to the truth of the allegations contained in this Paragraph of the Complaint and therefore deny them.

52. On information and belief, since the approval of Ascent's ANDA Product, Hetero has begun importing that product into the United States, using that product in the United States, offering to sell that product in the United States, and/or selling that product in the United States.

**ANSWER:** Denied.

53. On information and belief, the approved labeling for Ascent's ANDA Product directs a method of reducing the risk of major cardiovascular events (cardiovascular (CV) death, myocardial infarction (MI), and stroke) in patients with chronic coronary artery disease (CAD) or peripheral artery disease (PAD). On information and belief, the approved labeling for Ascent's ANDA Product further directs the administration of Ascent's ANDA Product and aspirin in amounts that are clinically proven effective in reducing the risk of MI, stroke or CV death in a human patient with CAD and/or PAD, wherein Ascent's ANDA Product is administered twice daily and aspirin is administered in an amount of 75-100 mg daily.

**ANSWER:** Defendants aver that the approved labeling for Ascent's ANDA product speaks for itself and denies any remaining allegations in this Paragraph of the Complaint.

54. On information and belief, Hetero knows and admits that Ascent's ANDA Product with its proposed labeling is especially made or adapted for use in infringing the '310 patent, and that Ascent's ANDA Product with its proposed labeling is not suitable for substantial noninfringing use. Ascent's ANDA Product is a material part of the claimed invention. On information and belief,

12

since the FDA approved ANDA No. 219332, Hetero has contributed, and plans and intends to continue to contribute, to infringement of the '310 patent.

**ANSWER:** Denied.

55. On information and belief, the use, sale, offer for sale, and/or importation of Ascent's ANDA Product in conjunction with its labeling infringes one or more claims, including at least claim 1, of the '310 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, and/or Hetero induces and/or contributes to the infringement of one or more claims, including at least claim 1, of the '310 patent under 35 U.S.C. § 271(b) and/or (c).

**ANSWER:** Denied.

56. Hetero has actively induced, and will continue to actively induce, infringement of at least claim 1 of the '310 patent by way of selling Ascent's ANDA Product and/or by way of the substance of its approved labeling and/or by way of its marketing of Ascent's ANDA Product.

**ANSWER:** Denied.

57. Hetero's infringement, inducement of infringement, and/or contribution to infringement is willful. On information and belief, Hetero is aware of the '310 patent at least because Ascent and Hetero Labs were involved in related litigation concerning, and have admitted, Hetero's infringement of the '310 patent. See *Bayer Pharma AG et al. v. Ascent Pharms. Inc. et al.*, C.A. No. 24-588-RGA, D.I. 1 (D. Del. May 16, 2024).

**ANSWER:** Denied.

58. Unless Hetero is enjoined from infringing the '310 patent, actively inducing infringement of the '310 patent, and contributing to the infringement by others of the '310 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER:** Denied.

59. Plaintiffs have suffered, and will continue to suffer, monetary damages, including but not limited to lost profits, as a result of Hetero's infringement of the '310 patent.

**ANSWER:** Denied.

### RESPONSE TO COUNT II: DECLARATORY JUDGMENT OF INFRINGEMENT

60. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Defendants incorporate each preceding paragraph of this Answer as if fully set forth herein.

61. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Hetero on the other regarding Hetero's liability for infringement, active inducement of, and/or contribution to the infringement of the '310 patent.

**ANSWER:** Denied.

62. An actual case or controversy exists between Plaintiffs and Hetero with respect to Hetero's liability for infringement of the '310 patent.

**ANSWER:** Denied.

63. The Court should declare that the commercial sale, offer for sale, or importation of Ascent's ANDA Product infringes, induces, and/or contributes to the infringement of the '310 patent under 35 U.S.C. § 271(a), (b), and/or (c). Pursuant to the Settlement, Hetero has admitted that such conduct would infringe the '310 patent.

**ANSWER:** Denied.

## RESPONSE TO PLAINTIFFS REQUEST FOR RELIEF

Ascent denies that Plaintiffs are entitled to any relief requested in the Complaint or to any other relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

Defendants have not, and will not, infringe directly, by contribution or by inducement, literally or under the doctrine of equivalents, any valid and enforceable claim of the patents-in-suit.

## SECOND AFFIRMATIVE DEFENSE

One or more claims of the patents-in-suit are invalid and/or unenforceable for failure to comply with one or more statutory or judicial requirements, including but not limited to the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112, including as held by the Patent Trial and Appeal Board in its decision invaliding all claims of the '310 patent in IPR2022-00517, Judgment and Final Written Decision of July 28, 2023.

## THIRD AFFIRMATIVE DEFENSE

One or more counts of the Complaint is subject for dismissal for failure to state a claim.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to injunctive relief, at least because any alleged injury to Plaintiffs is not immediate or irreparable, because Plaintiffs have an adequate remedy at law, and because public policy concerns weigh against any injunctive relief.

## FIFTH AFFIRMATIVE DEFENSE

Defendants reserve all defenses available under the Federal Rules of Civil Procedure and the U.S. Patent laws, and any additional defenses that discovery may reveal, including that Plaintiff has failed to aver any factors supporting that conclusion that this is an exceptional case or that an award of attorney's fees under 35 U.S.C. § 285 is warranted.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully pray for judgment as follows:

a) Dismissing the Complaint with prejudice;

b) Denying Plaintiffs the relief requested in the Complaint and any relief whatsoever;

c) Awarding Defendants their reasonable attorney's fees under 35 U.S.C. § 285;

d) Awarding Defendants their costs; and

e) Awarding Defendants such other and further relief as the Court deems just and equitable.

Dated: September 5, 2025

| OF COUNSEL: | /s/ Kenneth L. Dorsney |
|---|---|
|  | Kenneth L. Dorsney (#3726) |
| Devan V. Padmanabhan (*pro hac vice*) | Cortlan S. Hitch (#6720) |
| Sri K. Sankaran (*pro hac vice*) | MORRIS JAMES LLP |
| PADMANABHAN & DAWSON, P.L.L.C. | 500 Delaware Avenue, Suite 1500 |
| 9800 Shelard Parkway, Suite 120 | Wilmington, DE 19801 |
| Minneapolis, MN 55441 | (302) 888-6800 |
| Telephone: (612) 444-3577 | kdorsney@morrisjames.com |
| Facsimile: (612) 444-3195 | chitch@morrisjames.com |
| devan@paddalawgroup.com |  |
| sri@paddalawgroup.com | *Attorneys for Defendants* |

15