# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYER PHARMA AG, BAYER AG, and JANSSEN PHARMACEUTICALS, INC., Plaintiffs, | Civil Action No. 1:25cv719 RGA |
| | MDL 21-3017-RGA |
| v. | **FILED UNDER SEAL** |
| MACLEODS PHARMACEUTICALS LTD. and MACLEODS PHARMA USA, INC., Defendants. | **CONFIDENTIAL SUBJECT TO D. DEL. LR 26.2** |
| | **JURY TRIAL DEMANDED** |

### DEFENDANTS MACLEODS PHARMACEUTICALS LTD. AND MACLEODS PHARMA USA, INC.'S ANSWER AND COUNTERCLAIMS

Defendants Macleods Pharmaceuticals Ltd. and Macleods Pharma USA, Inc. (collectively, "Macleods" or "Defendants"), by and through their attorneys, answer the Complaint filed by Plaintiffs Bayer Pharma AG, Bayer AG, and Janssen Pharmaceuticals, Inc. (collectively, "Plaintiffs"), as follows. Pursuant to Fed R. Civ. P. 8(b)(3), Macleods denies all allegations in Plaintiffs' Complaint except those expressly admitted below.

### NATURE OF THE ACTION

1.      This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, that arises out of Macleods Pharmaceuticals Ltd. and Macleods Pharma USA, Inc.'s (collectively, "Macleods") unlicensed importation into the United States, and use, sale, and/or offer for sale of products in the United States, that infringe at least one claim of U.S. Patent No. 10,828,310 ("the '310 patent"). The '310 patent is attached as Exhibit A.

**ANSWER:** Macleods admits that Plaintiffs purport to bring this action under the patent laws of the United States. Macleods admits that it has submitted an ANDA seeking FDA approval

to engage in the commercial manufacture, use, sale, offer for sale and/or importation of 2.5 mg rivaroxaban tablets ("Macleods' ANDA Product") prior to the expiration of the '310 patent, which was invalidated by the Patent Trial and Appeal Board ("PTAB"). Macleods lacks sufficient information to determine the truth or falsity of any remaining allegations in Paragraph 1 of the Complaint and on that basis denies them.

2.      On information and belief, Macleods Pharmaceuticals Ltd. and Macleods Pharma USA, Inc., acting in concert, prepared, submitted, and amended ANDA No. 213114 for Macleods' 2.5 mg rivaroxaban tablets ("Macleods' ANDA Product"), seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of a generic version of Plaintiffs' 2.5 mg XARELTO® product prior to the expiration of the '310 patent.

**ANSWER:** Macleods admits that it prepared and submitted ANDA No. 213114 for 2.5 mg rivaroxaban tablets. Macleods denies the remaining allegations in paragraph 2 of the Complaint.

3.      On information and belief, the Food and Drug Administration ("FDA") granted approval to the 2.5 mg product that is the subject of ANDA No. 213114 on May 14, 2025. On information and belief, following that approval, Macleods began importing into the United States, and/or using, selling, and/or offering to sell in the United States, Macleods' ANDA Product.

**ANSWER:** Macleods admits that it prepared and submitted ANDA No. 213114 for 2.5 mg rivaroxaban tablets, which was approved by the FDA on May 14, 2025. Macleods denies the remaining allegations in paragraph 3 of the Complaint.

## THE PARTIES

### Plaintiffs

4.      Plaintiff Bayer Pharma AG is a corporation organized and existing under the laws of the Federal Republic of Germany, with a place of business at Müllerstrasse 178, 13353 Berlin, Germany.

**ANSWER:** Macleods lacks sufficient information to determine the truth or falsity of the allegations in Paragraph 4 of the Complaint and on that basis denies them.

5.     Plaintiff Bayer AG is a corporation organized and existing under the laws of the Federal Republic of Germany, with a place of business at Kaiser-Wilhelm-Allee 1, 51368 Leverkusen, Germany.

**ANSWER:** Macleods lacks sufficient information to determine the truth or falsity of the allegations in Paragraph 5 of the Complaint and on that basis denies them.

6.     Plaintiff Janssen Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business at 1125 Trenton-Harbourton Road, Titusville, New Jersey.

**ANSWER:** Macleods lacks sufficient information to determine the truth or falsity of the allegations in Paragraph 6 of the Complaint and on that basis denies them.

<u>**Defendants**</u>

7.     On information and belief, Defendant Macleods Pharmaceuticals Ltd. ("MPL") is a corporation organized and existing under the laws of the Republic of India, with a place of business at Atlanta Arcade, Marol Church Rd., Andheri (East), Mumbai, 400059, India.

**ANSWER:** Admitted.

8.     On information and belief, Defendant Macleods Pharma USA, Inc. ("Macleods USA") is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 103 College Road East, Second Floor, Princeton, New Jersey 08540.

**ANSWER:** Admitted.

9.     On information and belief, Macleods USA is a wholly-owned subsidiary of MPL, and is controlled and dominated by MPL.

**ANSWER:** Macleods admits that Macleods USA is a wholly-owned subsidiary of MPL. Macleods denies the remaining allegations in paragraph 9 of the Complaint.

10.    On information and belief, MPL is in the business of, among other things, manufacturing, marketing, distributing, offering for sale, and selling generic versions of branded pharmaceutical drug products for the U.S. market. As a part of this business, on information and belief, MPL, acting in concert with Macleods USA, files ANDAs with FDA seeking approval to engage in, and engages in, the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of drug products prior to the expiration of United States patents that cover such products.

**ANSWER:** Macleods denies the allegations in paragraph 10 of the Complaint.

11.    On information and belief, and consistent with their practice with respect to other generic products, MPL and Macleods USA acted in concert to prepare, submit, and amend ANDA No. 213114 for Macleods' ANDA Product, which was done at the direction of, under the control of, and for the direct benefit of MPL.

**ANSWER:** Macleods admits that it prepared and submitted ANDA No. 213114 for 2.5 mg rivaroxaban tablets. Macleods denies the remaining allegations in paragraph 11 of the Complaint.

12.    On information and belief, MPL and Macleods USA are agents of each other, and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length, including with respect to the development, regulatory approval, marketing, sale, offer for sale, and distribution of generic pharmaceutical products throughout the United States, including into Delaware, and including with respect to Macleods' ANDA Product at issue.

**ANSWER:** Macleods denies the allegations in paragraph 12 of the Complaint.

13.     On information and belief, MPL has received FDA approval for the 2.5 mg product that is the subject of ANDA No. 213114 and has acted in concert with Macleods USA to import, market, distribute, offer for sale, and/or sell Macleods' ANDA Product throughout the United States, including in Delaware. On information and belief, Macleods has launched the 2.5 mg product that is the subject of ANDA No. 213114.

**ANSWER:** Macleods admits that it received FDA approval for ANDA No. 213114 for 2.5 mg rivaroxaban tablets. Macleods denies the remaining allegations in paragraph 13 of the Complaint.

14.     On information and belief, Macleods knows and intends that Macleods' ANDA Product has been and will continue to be marketed, used, distributed, offered for sale, and sold in the United States and within Delaware.

**ANSWER:** Macleods denies the allegations in paragraph 14 of the Complaint.

## **JURISDICTION**

15.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Macleods incorporates its answers to each of the preceding paragraphs as if fully set forth herein.

16.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Declaratory judgment relief is authorized under 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** Admitted.

17.     This Court has personal jurisdiction over each of MPL and Macleods USA.

**ANSWER:** Macleods denies the allegations of Paragraph 17 of the Complaint. However, Macleods does not contest personal jurisdiction in this Court for the purposes of this civil litigation only.

18.    This Court has personal jurisdiction over MPL because, among other things, MPL, itself and through its wholly-owned subsidiary Macleods USA, has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. On information and belief, MPL, itself and through its wholly-owned subsidiary Macleods USA, develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including the State of Delaware, and therefore transacts business within the State of Delaware, and/or has engaged in systematic and continuous business contacts within the State of Delaware. In addition, MPL is subject to personal jurisdiction in Delaware because, on information and belief, it controls Macleods USA and therefore the activities of Macleods USA in this jurisdiction are attributed to MPL.

**ANSWER:** Macleods denies the allegations of Paragraph 18 of the Complaint. However, Macleods does not contest personal jurisdiction in this Court for the purposes of this civil litigation only.

19.    This Court has personal jurisdiction over Macleods USA because, among other things, Macleods USA has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. Macleods USA is a corporation formed under the laws of the state of Delaware, and has appointed registered agents in Delaware (Incorp Services, Inc., 131 Continental Drive, Suite 301, Newark, DE) to accept service of process. It therefore has consented to general jurisdiction in Delaware.

**ANSWER:** Macleods denies the allegations of Paragraph 19 of the Complaint. However, Macleods does not contest personal jurisdiction in this Court for the purposes of this civil litigation only.

20.     Upon information and belief, Macleods USA is responsible for marketing, distributing, offering for sale, and/or selling generic copies of branded pharmaceutical products for the U.S. market, including in Delaware, and relies on contributions from MPL to do so.

**ANSWER:** Macleods denies the allegations of Paragraph 20 of the Complaint. However, Macleods does not contest personal jurisdiction in this Court for the purposes of this civil litigation only.

21.     Upon information and belief, Macleods USA, acting as the agent of MPL, markets, distributes, offers for sale, and/or sells in Delaware and elsewhere in the United States generic pharmaceutical products that are manufactured by MPL or for which Macleods is the named applicant on approved ANDAs.

**ANSWER:** Macleods denies the allegations of Paragraph 21 of the Complaint. However, Macleods does not contest personal jurisdiction in this Court for the purposes of this civil litigation only.

22.     In addition, this Court has personal jurisdiction over MPL and Macleods USA because, among other things, on information and belief: (1) MPL and Macleods USA acted in concert to file ANDA No. 213114 for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the 2.5 mg product described in ANDA No. 213114 in the United States, including in Delaware; and (2) Macleods' ANDA Product has been approved by the FDA, and so now MPL and Macleods USA, acting in concert and/or as agents of one another have imported, marketed, distributed, offered for sale, and/or sold Macleods'

ANDA Product in the United States, including in Delaware, and will derive substantial revenue from the use and/or consumption of Macleods' ANDA Product in the State of Delaware.

**ANSWER:** Macleods denies the allegations of Paragraph 22 of the Complaint. However, Macleods does not contest personal jurisdiction in this Court for the purposes of this civil litigation only.

23.     In addition, on information and belief, Macleods' ANDA Product, which is charged with infringing the '310 patent, will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and/or used by patients in Delaware, all of which would have a substantial effect on Delaware.

**ANSWER:** Macleods denies the allegations of Paragraph 23 of the Complaint. However, Macleods does not contest personal jurisdiction in this Court for the purposes of this civil litigation only.

24.     In addition, MPL is subject to personal jurisdiction in Delaware because, on information and belief, MPL derives substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and that are manufactured by MPL and/or for which MPL is the named applicant on approved ANDAs. On information and belief, various products for which MPL is the named applicant on approved ANDAs are available at retail pharmacies in Delaware.

**ANSWER:** Macleods denies the allegations of Paragraph 24 of the Complaint. However, Macleods does not contest personal jurisdiction in this Court for the purposes of this civil litigation only.

25.     In addition, on information and belief, MPL controls and dominates Macleods USA and therefore the activities of Macleods USA in this district are properly attributed to MPL.

**ANSWER:** Macleods denies the allegations of Paragraph 25 of the Complaint. However, Macleods does not contest personal jurisdiction in this Court for the purposes of this civil litigation only.

26.     Alternatively, if MPL's connections with Delaware, including its connections with Macleods USA, are found to be insufficient to confer personal jurisdiction, then upon information and belief, MPL is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over MPL in Delaware is consistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

**ANSWER:** Macleods denies the allegations of Paragraph 26 of the Complaint. However, Macleods does not contest personal jurisdiction in this Court for the purposes of this civil litigation only.

27.     Further, this Court has personal jurisdiction over Macleods because MPL and Macleods USA regularly engage in patent litigation concerning FDA approved branded drug products in this district, have consented to jurisdiction in Delaware in one or more prior cases arising out of the filing of their ANDAs, and/or they have filed counterclaims in such cases. *See*, *e.g.*, *Bayer Pharma AG et al. v. Macleods Pharmaceuticals Ltd. and Macleods Pharma USA, Inc.*, C.A. No. 23-665-RGA, D.I. 13 (D. Del. Aug. 15, 2023); *ZS Pharma, Inc. v. Macleods Pharmaceuticals Ltd. and Macleods Pharma USA, Inc.*, C.A. No. 22-1100-JLH, D.I. 18 (D. Del. Oct. 14, 2022); *Anacor Pharmaceuticals, Inc. v. Macleods Pharmaceuticals Ltd. and Macleods Pharma USA, Inc.*, C.A. No. 21-1350-CFC, D.I. 14 (D. Del. Nov. 17, 2021); *Merck Sharp & Dohme Corp. v. Macleods Pharmaceuticals Ltd. and Macleods Pharma USA, Inc.*, C.A. No. 19-316-RGA, D.I. 11 (D. Del. Apr. 8, 2019).

**ANSWER:** Macleods denies the allegations of Paragraph 27 of the Complaint. However, Macleods does not contest personal jurisdiction in this Court for the purposes of this civil litigation only.

28.    This Court also has personal jurisdiction over Macleods because  settlement agreement referenced below

**ANSWER:** Macleods denies the allegations of Paragraph 28 of the Complaint. However, Macleods does not contest personal jurisdiction in this Court for the purposes of this civil litigation only.

## <u>VENUE</u>

29.    Venue is proper in this district for MPL pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, MPL is a company organized and existing under the laws of the Republic of India and is subject to personal jurisdiction in this judicial district.

**ANSWER:** Paragraph 29 contains legal conclusions that do not require a response. Macleods does not contest that venue is proper in this Court for the purposes of this civil litigation only.

30.    Venue is proper in this district for Macleods USA pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Macleods USA is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

**ANSWER:** Paragraph 30 contains legal conclusions that do not require a response. Macleods does not contest that venue is proper in this Court for the purposes of this civil litigation only.

31.     Venue is also proper in this district for MPL and for Macleods USA because ███ ███████████████████████████████████████████████████████████ settlement agreement referenced below ████████████████████████████ ████████████████████████

**ANSWER:** Paragraph 30 contains legal conclusions that do not require a response. Macleods does not contest that venue is proper in this Court for the purposes of this civil litigation only.

## **FACTUAL BACKGROUND**

32.     XARELTO® (active ingredient rivaroxaban) is a factor Xa inhibitor. The 2.5 mg tablet strength of XARELTO® is indicated for administration orally twice daily, in combination with aspirin (75-100 mg) once daily, (i) to reduce the risk of major cardiovascular events (cardiovascular death, myocardial infarction, and stroke) in adult patients with coronary artery disease (CAD); and (ii) to reduce the risk of major thrombotic vascular events (myocardial infarction, ischemic stroke, acute limb ischemia, and major amputation of a vascular etiology) in adult patients with peripheral artery disease (PAD), including patients who have recently undergone a lower extremity revascularization procedure due to symptomatic PAD.

**ANSWER:** Macleods admits that XARELTO® (active ingredient rivaroxaban) is indicated for the treatment of cardiovascular events and thrombotic vascular events in adult

patients with peripheral artery disease. Macleods denies the remaining allegations in paragraph 32 of the Complaint.

33.     Janssen is the holder of New Drug Application No. 022406 for XARELTO®, which has been approved by the FDA.

**ANSWER:** Paragraph 33 contains legal conclusions to which no answer is required. To the extent an answer is required, Macleods states that electronic FDA publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluations," otherwise known as the electronic "Orange Book," identifies New Drug Application ("NDA") No. 022406 in connection with XARELTO ®, and further identifies Janssen as the holder of NDA No. 022406. As to any remaining factual allegations in Paragraph 33, Macleods is without sufficient information to form a belief as to the truth or falsity of the allegations and on that basis denies them.

34.     The '310 patent, entitled "Reducing the Risk of Cardiovascular Events," was duly and legally issued on November 10, 2020. The '310 patent is attached as Exhibit A.

**ANSWER:** Paragraph 34 contains legal conclusions to which no answer is required. To the extent an answer is required, Macleods admits that the '310 patent is entitled "Reducing the Risk of Cardiovascular Events," that the '310 patent states on its face that it issued on November 10, 2020, and that what appears to be a copy of the '310 patent was attached as Exhibit A to the Complaint. The '310 patent was invalidated by the PTAB. Macleods denies that the '310 patent was duly and legally issued and denies the remaining allegations in Paragraph 34 of the Complaint.

35.     As set forth in greater detail in the '310 patent, the claims of the '310 patent, incorporated by reference herein, cover certain methods involving rivaroxaban. For example, independent claim 1 recites, "A method of reducing the risk of myocardial infarction, stroke or cardiovascular death in a human patient with coronary artery disease and/or peripheral artery

disease, comprising administering to the human patient rivaroxaban and aspirin in amounts that are clinically proven effective in reducing the risk of myocardial infarction, stroke or cardiovascular death in a human patient with coronary artery disease and/or peripheral arterial disease, wherein rivaroxaban is administered in an amount of 2.5 mg twice daily and aspirin is administered in an amount of 75-100 mg daily."

**ANSWER:** Paragraph 35 contains legal conclusions to which no answer is required. To the extent an answer is required, Macleods admits that claim 1 states "A method of reducing the risk of myocardial infarction, stroke or cardiovascular death in a human patient with coronary artery disease and/or peripheral artery disease, comprising administering to the human patient rivaroxaban and aspirin in amounts that are clinically proven effective in reducing the risk of myocardial infarction, stroke or cardiovascular death in a human patient with coronary artery disease and/or peripheral arterial disease, wherein rivaroxaban is administered in an amount of 2.5 mg twice daily and aspirin is administered in an amount of 75-100 mg daily." The '310 patent was invalidated by the PTAB. Macleods denies the remaining allegations in paragraph 35 of the Complaint.

36.    Bayer Pharma AG is the assignee of the '310 patent.

**ANSWER:** Paragraph 36 contains legal conclusions to which no answer is required. To the extent an answer is required, Macleods admits that Bayer Pharma AG is identified as the assignee of the '310 patent. Macleods denies the remaining allegations in Paragraph 36 of the Complaint.

37.    Bayer AG is an exclusive licensee under the '310 patent.

**ANSWER:** Paragraph 37 contains legal conclusions to which no answer is required. To the extent an answer is required, Macleods lacks sufficient information to determine the truth or falsity of the allegations in Paragraph 37 of the Complaint and on that basis denies them.

38.    Janssen is an exclusive sublicensee under the '310 patent.

**ANSWER:** Paragraph 38 contains legal conclusions to which no answer is required. To the extent an answer is required, Macleods lacks sufficient information to determine the truth or falsity of the allegations in Paragraph 38 of the Complaint and on that basis denies them.

39.    Pursuant to 21 U.S.C. § 355, the '310 patent is listed in *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book") in connection with the 2.5 mg strength of XARELTO®.

**ANSWER:** Paragraph 39 contains legal conclusions to which no answer is required. To the extent an answer is required, Macleods states that electronic FDA publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluations," otherwise known as the electronic "Orange Book," identifies the '310 patent in connection with XARELTO ®. The '310 patent was invalidated by the PTAB. Macleods denies the remaining allegations in paragraph 39 of the Complaint.

## COUNT I: INFRINGEMENT OF THE '310 PATENT

40.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Macleods incorporates its answers to each of the preceding paragraphs as if fully set forth herein.

41.    By letter dated May 2, 2023 ("Macleods' Notice Letter"), Macleods notified, *inter alia*, Bayer and Janssen that Macleods had submitted to the FDA ANDA No. 213114 for Macleods' ANDA Product. This product is a generic version of the 2.5 mg strength of XARELTO®.

**ANSWER:** Macleods admits that it sent a notice letter dated May 2, 2023 stating that they had submitted ANDA No. 213114 to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import Macleods' ANDA Product. Macleods denies the remaining allegations in Paragraph 41 of the Complaint.

42.     In Macleods' Notice Letter, Macleods indicated that, in connection with its ANDA No. 213114, Macleods had filed, *inter alia*, a Paragraph IV Certification with respect to the '310 patent.

**ANSWER:** Macleods admits that it filed a Paragraph IV Certification with respect to the '310 patent. The '310 patent was invalidated by the PTAB. Macleods denies the remaining allegations in Paragraph 42 of the Complaint.

43.     In Macleods' Notice Letter, Macleods stated that Macleods' ANDA Product contains rivaroxaban.

**ANSWER:** Macleods states that the Macleods' Notice Letter speaks for itself. Macleods denies the remaining allegations in paragraph 43 of the Complaint.

44.     After receiving Macleods' Notice Letter, Bayer and Janssen sued MPL and Macleods USA, seeking Hatch-Waxman relief for infringement of the '310 patent on June 16, 2023, in this district. That Hatch-Waxman action was consolidated before this Court in *In re: Xarelto (Rivaroxaban) ('310) Patent Litigation*, MDL No. 21-3017-RGA ("*In re Xarelto*").

**ANSWER:** Macleods admits that Plaintiffs sued Macleods on June 16, 2023 in this district in the case consolidated as *In re: Xarelto (Rivaroxaban) ('310) Patent Litigation*, MDL No. 21-3017-RGA ("*In re Xarelto*"). Macleods denies the remaining allegations in paragraph 44 of the Complaint.

45.    *In re Xarelto* is currently stayed pending final resolution of any appeal in *Mylan Pharmaceuticals Inc. et al. v. Bayer Pharma AG*, IPR2022-00517 (PTAB), *see Bayer Pharma Aktiengesellschaft v. Mylan Pharms. Inc.*, No. 2023-2434 (Fed. Cir.).

**ANSWER:** Admitted.

46.    In or around January 2024, Plaintiffs and Macleods settled Plaintiffs' Hatch-Waxman action against Macleods ("the Settlement") and stipulated and agreed to dismiss their respective claims and defenses pursuant to Rules 41(a)(1) and 41(c) of the Federal Rules of Civil Procedure. On January 25, 2024, this Court entered the stipulation. *See In re Xarelto*, MDL No. 21-3017-RGA, D.I. 211 (D. Del. January 25, 2024).

**ANSWER:** Admitted.

47.    Pursuant to the Settlement, ███████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████

**ANSWER:** Macleods admits that the settlement agreement speaks for itself. Macleods denies the remaining allegation in paragraph 47 of the Complaint.

48.    Also pursuant to the terms of the Settlement, under certain conditions, ███████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████

**ANSWER:** Macleods admits that the settlement agreement speaks for itself. Macleods denies the remaining allegation in paragraph 48 of the Complaint.

49.     On information and belief, Macleods' ANDA Product received final approval from the FDA on May 14, 2025. *See* Ex. B, U.S. Food & Drug Admin., Drugs@FDA: FDA-Approved Drugs, https://tinyurl.com/3rana6k8 (last visited June 3, 2025).

**ANSWER:** Admitted.

50.     On information and belief, since the approval of Macleods' ANDA Product, Macleods has begun importing that product into the United States, using that product in the United States, offering to sell that product in the United States, and/or selling that product in the United States.

**ANSWER:** Macleods denies the allegations in paragraph 50 of the Complaint.

51.     On information and belief, the approved labeling for Macleods' ANDA Product directs a method of reducing the risk of major cardiovascular events (cardiovascular (CV) death, myocardial infarction (MI), and stroke) in patients with chronic coronary artery disease (CAD) or peripheral artery disease (PAD). On information and belief, the approved labeling for Macleods' ANDA Product further directs the administration of Macleods' ANDA Product and aspirin in amounts that are clinically proven effective in reducing the risk of MI, stroke or CV death in a human patient with CAD and/or PAD, wherein Macleods' ANDA Product is administered twice daily and aspirin is administered in an amount of 75-100 mg daily.

**ANSWER:** Macleods admits that its label speaks for itself. Macleods denies the remaining allegations in paragraph 51 of the Complaint.

52.     On information and belief, Macleods knows and admits that Macleods' ANDA Product with its proposed labeling is especially made or adapted for use in infringing the '310

patent, and that Macleods' ANDA Product with its proposed labeling is not suitable for substantial noninfringing use. Macleods' ANDA Product is a material part of the claimed invention. On information and belief, since the FDA approved ANDA No. 213114, Macleods has contributed, and plans and intends to continue to contribute, to infringement of the '310 patent.

**ANSWER:** The '310 patent was invalidated by the PTAB. Macleods denies the allegations in paragraph 52 of the Complaint.

53.    On information and belief, the use, sale, offer for sale, and/or importation of Macleods' ANDA Product in conjunction with its labeling infringes one or more claims, including at least claim 1, of the '310 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, and/or Macleods induces and/or contributes to the infringement of one or more claims, including at least claim 1, of the '310 patent under 35 U.S.C. § 271(b) and/or (c).

**ANSWER:** The '310 patent was invalidated by the PTAB. Macleods denies the allegations in paragraph 53 of the Complaint.

54.    Macleods has actively induced, and will continue to actively induce, infringement of at least claim 1 of the '310 patent by way of selling Macleods' ANDA Product and/or by way of the substance of its approved labeling and/or by way of its marketing of Macleods' ANDA Product.

**ANSWER:** The '310 patent was invalidated by the PTAB. Macleods denies the allegations in paragraph 54 of the Complaint.

55.    Macleods' infringement, inducement of infringement, and/or contribution to infringement is willful. Upon information and belief, Macleods is aware of the '310 patent at least because Macleods was involved in related litigation concerning ██████████, Macleods' infringement of the '310 patent. *See Bayer Pharma AG et al. v. Macleods Pharms. Ltd. et al.,*

C.A. No. 23-665-RGA, D.I. 1 (D. Del. June 16, 2023).

**ANSWER:** The '310 patent was invalidated by the PTAB. Macleods denies the allegations in paragraph 55 of the Complaint.

56.     Unless Macleods is enjoined from infringing the '310 patent, actively inducing infringement of the '310 patent, and contributing to the infringement by others of the '310 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER:** The '310 patent was invalidated by the PTAB. Macleods denies the allegations in paragraph 56 of the Complaint.

57.     Plaintiffs have suffered, and will continue to suffer, monetary damages, including but not limited to lost profits, as a result of Macleods' infringement of the '310 patent.

**ANSWER:** The '310 patent was invalidated by the PTAB. Macleods denies the allegations in paragraph 57 of the Complaint.

<u>**COUNT II: DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '310 PATENT**</u>

58.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Macleods incorporates its answers to each of the preceding paragraphs as if fully set forth herein.

59.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Macleods on the other regarding Macleods' liability for infringement, active inducement of, and/or contribution to the infringement of the '310 patent.

**ANSWER:** Paragraph 59 contains legal conclusions to which no answer is required. To the extent an answer is required, the '310 patent was invalidated by the PTAB. Macleods denies the allegations in paragraph 59 of the Complaint.

60.    An actual case or controversy exists between Plaintiffs and Macleods with respect to Macleods' liability for infringement of the '310 patent.

**ANSWER:** Admitted.

61.    The Court should declare that the commercial sale, offer for sale, or importation of Macleods' ANDA Product infringes, induces, and/or contributes to the infringement of the '310 patent under 35 U.S.C. § 271(a), (b), and/or (c). Pursuant to the Settlement, █████████████████████

█████████████████████████

**ANSWER:** The '310 patent was invalidated by the PTAB. Macleods denies the allegations in paragraph 61 of the Complaint.

## GENERAL DENIAL AND RESPONSE TO PRAYER FOR RELIEF

To the extent not specifically admitted above, Macleod hereby denies all allegations in the Complaint. Macleod further denies that Plaintiffs are entitled to any relief whatsoever. Macleod denies that Plaintiffs are entitled to the judgment or other relief prayed for in Paragraphs a-g of the Complaint's prayer for relief.

## MACLEODS' DEFENSES

Without prejudice to the denials set forth in its Answer, without admitting allegations of the Complaint not otherwise admitted, and without undertaking any of the burdens imposed by law on Plaintiffs, Macleod avers and asserts the following separate defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs fail to state any facts to support a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

Each asserted claim of the '310 patent is invalid for failing to satisfy one or more conditions of patentability set forth in Title 35, United States Code, including without limitation, §§ 101, 102, 103, 112 and/or 116 and/or is invalid under any other ground provided by 35 U.S.C. § 282, and/or based on other judicially-created bases for invalidity.

## FOURTH AFFIRMATIVE DEFENSE

Macleods has not infringed, induced infringement of, or contributed to the infringement of, and Macleods will not infringe, induce infringement of, or contribute to the infringement of, any valid and enforceable asserted claim of the '310 patent, either literally or under the doctrine of equivalents, through the submission of Macleods' ANDA No. 213114 and/or the importation, manufacture, use, offer for sale or sale of the product that is the subject of Macleods' ANDA No. 213114.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to injunctive relief against Macleods because Plaintiffs' alleged damages are not immediate or irreparable, and therefore Plaintiffs have an adequate remedy at law. Moreover, considering the balance of hardships between the parties, and the public interest in fostering the prompt introduction of generic pharmaceuticals to the market, the equitable remedy of a permanent injunction is not warranted in any event.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to attorney's fees against Macleods because Plaintiffs have not sufficiently alleged, and cannot prove, that this is an exceptional case under 35 U.S.C. § 285.

## SEVENTH AFFIRMATIVE DEFENSE

35 U.S.C. § 288 prevents Plaintiffs from recovering any costs associated with this action.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' allegations are barred, in whole or in part, by the doctrines of waiver, estoppel and/or prosecution history estoppel.

## RESERVATION OF ADDITIONAL SEPARATE DEFENSES

Macleod reserves the right to plead additional separate defenses or counterclaims that may be revealed through the course of discovery, including unenforceability.

## COUNTERCLAIMS

In further response to the Complaint, Macleods alleges the following counterclaims, without prejudice to any denial in its Answer, and without admission to any allegation in the Complaint, unless otherwise explicitly admitted above, and without assuming any burden when such burden would otherwise belong to Plaintiffs.

## PARTIES

41.    Counterclaimant Macleods Pharmaceuticals Limited is a corporation organized and existing under the laws of the Republic of India, with a principal place of business at Atlanta Arcade, Marol Church, Andheri (East), Mumbai, India 400059.

42.    Counterclaimant Macleods Pharma USA, Inc. (collectively, both entities are referred to herein as "Macleods") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 103 College Road East, Second Floor, Princeton, New Jersey 08540.

43.    Upon information and belief, Counterclaim Defendant Bayer Pharma AG is a corporation organized and existing under the laws of the Federal Republic of Germany, with a place of business at Müllerstrasse 178, 13353 Berlin, Germany.

44.     Upon information and belief, Counterclaim Defendant Bayer AG is a corporation organized and existing under the laws of the Federal Republic of Germany, with a place of business at Kaiser-Wilhelm-Allee 1, 51368 Leverkusen, Germany.

45.     Upon information and belief, Counterclaim Defendant Janssen Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 1125 Trenton-Harbourton Road, Titusville, New Jersey.

## JURISDICTION AND VENUE

46.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202.  Macleods' counterclaims relate to the claims made by Counterclaim Defendants for patent infringement and arise under the patent laws of the United States, Title 35, United States Code.

47.     This Court has personal jurisdiction over Counterclaim Defendants because they are organized under the law of the State of Delaware, conduct business in the State of Delaware, have availed themselves of the rights and benefits of Delaware law, and have engaged in substantial and continuing contacts with Delaware.

48.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b) and by Counterclaim Defendants' filing of their action against Macleods. This Court may declare the rights and legal relation of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 271(e)(5).

## THE CONTROVERSY

49.     Macleods holds Abbreviated New Drug Application ("ANDA") No. 213114 for 2.5 mg rivaroxaban tablets.

50. On or about June 16, 2023, Counterclaim Defendants filed the present action against Macleods alleging infringement of United States Patent No. 10,828,310 ("the '310 patent"). Accordingly, there is a real, substantial, and continuing justiciable controversy between the parties concerning the '310 patent.

51. Macleods and Counterclaim Defendants have adverse legal interests with respect to the '310 patent of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**COUNT I**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '310 PATENT**

52. Macleods repeats and incorporates by reference the previous paragraphs of their Counterclaims as if fully set forth herein.

53. Each and every asserted claim of United States Patent No. 10,828,310 is invalid for failing to satisfy one or more conditions of patentability set forth in Title 35, United States Code, including without limitation, §§ 101, 102, 103, 112 and/or 116, and/or is invalid under any other ground provided by 35 U.S.C. § 282 and/or based on other judicially-created bases for invalidity.

**COUNT II**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '310 PATENT**

54. Macleods repeats and incorporates by reference the previous paragraphs of their Counterclaims as if fully set forth herein.

55. Macleods has not infringed, induced infringement, or contributed to the infringement, and Macleods will not infringe, induce infringement, or contribute to the infringement, either literally or under the doctrine of equivalents, of any valid and enforceable asserted claim of U.S. Patent No. 10,828,310.

**<u>Macleods' Request for Relief</u>**

WHEREFORE, Macleods respectfully requests that:

(a)    Judgment be entered that the Complaint against Macleods is dismissed with prejudice and that Plaintiffs/Counterclaim Defendants take nothing thereby;

(b)    Judgment be entered that each claim of United States Patent No. 10,828,310 is invalid;

(c)    The Court permanently enjoin Plaintiff/Counterclaim Defendant or any of its assigns or successors from asserting that the commercial manufacture, use, offer to sell, sale or import of the products which are the subject of Macleods' ANDA No. 213114 infringe or will infringe any valid claim of U.S. Patent No. 10,828,310;

(d)    This case be deemed an exceptional case within the meaning of 35 U.S.C. § 285;

(e)    Macleods be awarded its reasonable costs and attorney fees; and

(f)    The Court award Macleods such other and further relief as this Court may deem just and proper.

Dated: September 5, 2025

/s/ Stamatios Stamoulis
_____

Stamatios Stamoulis (#4606)
STAMOULIS & WEINBLATT LLC
800 N. West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
Stamoulis@swdelaw.com

OF COUNSEL:

Neal Seth
Wesley E. Weeks
Corey Weinstein
WILEY REIN LLP
2050 M St. NW
Washington, DC 20036
Tel: (202) 719-7000
Fax: (202) 719-7049
nseth@wiley.law
wweeks@wiley.law
cweinstein@wiley.law

*Attorneys for Macleods Pharmaceuticals Ltd.*
*and Macleods Pharma U.S.A., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2025, the undersigned cased the foregoing Answer and Counterclaims to be served via email to all counsel of record in the above captioned matter.

Dated September 5, 2025

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis