# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYER PHARMA AG, BAYER AG, and JANSSEN PHARMACEUTICALS, INC.,<br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>MACLEODS PHARMACEUTICALS LTD. and MACLEODS PHARMA USA, INC.,<br>　　Defendants. | Civil Action No. 1:25cv719 RGA<br><br>MDL 21-3017-RGA<br><br>**FILED UNDER SEAL** |

## UNOPPOSED MOTION TO FILE
## ANSWER AND COUNTERCLAIMS UNDER SEAL

Defendants Macleods Pharmaceuticals Ltd. and Macleods Pharma USA, Inc. (collectively, "Macleods" or "Defendants"), by and through their attorneys, seek leave to file their answer to the Complaint filed by Plaintiffs Bayer Pharma AG, Bayer AG, and Janssen Pharmaceuticals, Inc. (collectively, "Plaintiffs") under seal.[1] Plaintiffs take no position on this motion.[2]

Under Federal Rule of Civil Procedure 26(c), this Court has authority to protect confidential information including "confidential research, development, or commercial information." Fed. R. Civ. P. 26(c); *see also Mosaid Techs. Inc. v. LSI*

---

[1] Exhibit A to this motion shows a proposed public, redacted version of the Answer and Counterclaims. Exhibit B shows Macleods's proposed redactions in highlighting.

[2] Pursuant to Local Rule 7.1.1 Plaintiffs, Defendant, and their respective counsel met and conferred regarding the substance of this motion, and Plaintiffs take no position regarding the relief sought by Defendants.

*Corp.*, 878 F. Supp. 2d 503, 507 (D. Del. 2012) ("[T]he Federal Rules of Civil Procedure empower courts to make any order that justice requires to protect a party or person from 'annoyance, embarrassment, oppression, or undue burden or expense,' including 'that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.'") (quoting Fed. R. Civ. P. 26(c))). The Third Circuit has stated that "courts may permissibly seal judicial records 'where they are sources of business information that might harm a litigant's competitive standing.'" *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 679 (3d Cir. 2019) (citation omitted). The Third Circuit has also held that information related to expert opinions, trade secrets, and confidential business information may be sealed. *See, e.g., Alchem USA Inc. v. Cage,* No. 21-2994, 2022 WL 3043153, at *3 (3d Cir. Aug. 2, 2022).

"The party seeking to seal has to establish good cause. Good cause requires a showing that disclosure will work a clearly defined and serious injury to that party. The injury must be shown with specificity." *Delaware Display Grp. LLC v. LG Elecs. Inc.*, 221 F. Supp. 3d 495, 496 (D. Del. 2016) (cleaned up); *see also In re Avandia*, 924 F.3d at 673. While courts recognize the common law right of public access, a party may show that limited information should be protected where "(1) the material is the kind of information that courts will protect, (2) disclosure will work a clearly defined and serious injury to the party seeking closure, and (3) the

- 2 -

interest in secrecy outweighs the presumption." *In re EWE Gasspeicher GmbH,* 612 F. Supp. 3d 402, 407 (D. Del. 2020) (cleaned up), *aff'd,* 2022 WL 2233915 (3d Cir. June 22, 2022); *see also Takeda Pharms, U.S.A., Inc. v. Mylan Pharms., Inc.,* No. 19-2216, 2019 WL 6910264, at *1 (D. Del. Dec. 19, 2019).

Here, Macleods seeks to file its answer and counterclaims under seal in order to prevent disclosure of information related to a highly confidential settlement agreement and the terms of that agreement. Plaintiffs, recognizing the highly confidential nature of the agreement, filed their Complaint (D.I. 1) under seal. Defendants are seeking to seal the same material from public disclosure. This information is not publicly available elsewhere. This kind of information is regularly protected, either through redactions or sealed documents, by the Court.

Further, disclosure of this information to Macleods's competitors would cause serious harm and significant competitive injury to Macleods because current and future ANDA filers would gain insight into Macleod's commercial, regulatory and litigation strategies. For these reasons, the information proposed to be redacted by Macleods is both highly confidential and proprietary and should be protected.

Macleods's limited proposed redactions allow the public to access the bulk of Macleods's answer and counterclaims while still protecting highly confidential information. Courts have recognized that "where both the public interest in access and the private interest in non-disclosure are strong, partial or redacted disclosure

may satisfy both interests." *Willingham v. Ashcroft*, 355 F. Supp. 2d 390, 391 (D.D.C. 2005) (cleaned up). That is the case here. In addition, Macleods's competitors, not the public, would benefit from knowing this highly sensitive business information (to the detriment of Macleods). In view of the narrowly tailored redactions sought by Macleods, both Macleods's and the public's interests are served.

For the foregoing reasons, Macleods respectfully requests that the Court grant its Motion to File Under Seal.

Dated: September 9, 2025

/s/ Stamatios Stamoulis

Stamatios Stamoulis (#4606)
STAMOULIS & WEINBLATT LLC
800 N. West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
Stamoulis@swdelaw.com

OF COUNSEL:

Neal Seth
Wesley E. Weeks
Corey Weinstein
WILEY REIN LLP
2050 M St. NW
Washington, DC 20036
Tel: (202) 719-7000
Fax: (202) 719-7049
nseth@wiley.law
wweeks@wiley.law
cweinstein@wiley.law

*Attorneys for Macleods Pharmaceuticals Ltd. and Macleods Pharma U.S.A., Inc.*

SO ORDERED this _____ day of _____, 2025.

_____
Judge Richard G. Andrews

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2025 I caused a copy of the foregoing document to be served by e-mail to all counsel of record.

                                                    */s/ Stamatios Stamoulis*
                                                    Stamatios Stamoulis (#4606)